UNITED STATES DISTRICT COURT
WESTERN DISTRICT OF MICHIGAN
SOUTHERN DIVISION

_____

VALERIA FELIZ JOSEPH,

                Petitioner,

v.

KEVIN RAYCRAFT et al.,

                Respondents.

_____/

Case No. 1:26-cv-1322

Honorable Jane M. Beckering

### **OPINION**

Petitioner, a United States Immigration and Customs Enforcement (ICE) detainee currently detained at the North Lake Processing Center located in Baldwin, Lake County, Michigan, initiated this action by filing a petition for writ of habeas corpus pursuant to 28 U.S.C. § 2241.[1] (Pet., ECF No. 1.) For the following reasons, the Court will dismiss Petitioner's petition for a writ of habeas corpus pursuant to 28 U.S.C. § 2241 without prejudice.

### **Discussion**

**I.     Procedural History**

In Petitioner's § 2241 petition, she challenges the lawfulness of her current detention following an order issued by the Detroit Immigration Court denying her bond and asks the Court to, *inter alia*, accept jurisdiction over this action and issue a writ of habeas corpus ordering Respondents to release Petitioner. (Pet., ECF No. 1, PageID.7.) In an order entered on April 24,

---

[1] Petitioner was one of thirteen petitioners named in a § 2241 petition in *Contreras v. Raycraft*, No. 1:26-cv-1264 (W.D. Mich.). In *Contreras*, the Court granted Petitioners leave to proceed *in forma pauperis* and severed the claims of the petitioners into thirteen separate actions. Order, *Contreras*, (W.D. Mich. Apr. 22, 2026), (ECF No. 4).

2026, the Court directed Respondents to show cause, within three business days, why the writ of habeas corpus and other relief requested by Petitioner should not be granted. (Order, ECF No. 6.) Respondents filed their response on April 29, 2026, (Resp., ECF No. 7), and a recording of the March 12, 2026, bond hearing on June 15, 2026.

## II.    Relevant Factual Background

Petitioner is a citizen of the Dominican Republic who entered the United States in 2021. (Resp., ECF No. 7, PageID.66–67.) On June 16, 2025, Petitioner was in a car accident near her home in Detroit. (*Id.*, PageID.67.) Shortly after the police arrived, Petitioner was arrested and taken into custody. (*Id.*) She spent three days in police custody before being transferred to ICE detention. (*Id.*) Petitioner was never charged with a crime regarding the car accident. (*Id.*)

On January 27, 2026, Petitioner filed a § 2241 petition challenging her initial detention without a bond hearing in *Feliz Joseph v. Raycraft* (*Feliz Joseph I*), No. 1:26-cv-655 (W.D. Mich.). In *Feliz Joseph I*, the Court conditionally granted Petitioner's petition for a writ of habeas corpus pursuant to 28 U.S.C. § 2241, ordering Respondents to provide Petitioner with a bond hearing under 8 U.S.C. § 1226(a) within five business days of the date of the Court's Opinion and Judgment or, in the alternative, immediately release Petitioner from custody. Op. & Jud., *Feliz Joseph I*, (W.D. Mich. March 6, 2026), (ECF Nos. 12, 13).

On March 12, 2026, Petitioner received a bond hearing pursuant to § 1226(a). (Immigration Judge Order, ECF No. 7-1, PageID.77.) At the conclusion of the March 12, 2026, hearing, in a written order, the Immigration Judge denied Petitioner's request for bond, stating: "Danger. Respondent was arrested for assault and accused of hitting victim in face with kitchen pan." (*Id.*)

## III.    Habeas Corpus Legal Standard

The Constitution guarantees that the writ of habeas corpus is "available to every individual detained within the United States." *Hamdi v. Rumsfeld*, 542 U.S. 507, 525 (2004) (citing U.S.

Const., Art I, § 9, cl. 2). Section 2241 of Title 28 confers the federal courts with the power to issue writs of habeas corpus to persons "in custody in violation of the Constitution or laws or treaties of the United States." 28 U.S.C. § 2241. This includes challenges by non-citizens in immigration-related matters. *See Zadvydas v. Davis*, 533 U.S. 678, 687 (2001); *see also A. A. R. P. v. Trump*, 145 S. Ct. 1364, 1367 (2025).

## IV.    Discussion

### A.    Bond Hearing

Petitioner had a bond hearing in the Detroit Immigration Court on March 12, 2026. (Immigration Judge Order, ECF No. 7-1, PageID.77.) The Immigration Judge denied Petitioner's request for bond, concluding that Petitioner was a danger to the community. *(Id*.) In her § 2241 petition, Petitioner challenges the findings of the Detroit Immigration Court as related to the denial of her bond. (Pet., ECF No. 1, PageID.6.) Respondents argue, *inter alia*, that the Court should dismiss Petitioner's petition because Petitioner has not exhausted his administrative remedies and because the bond hearing comported with "regulatory and due process requirements." (Resp., ECF No. 7, PageID.68–73.)

Noncitizens "who are held in custody under 8 U.S.C. § 1226(a), while their petitions for review of their removal orders are pending, are entitled to a bond hearing before an immigration judge." *Leonardo v. Crawford*, 646 F.3d 1157, 1160 (9th Cir. 2011) (citation omitted); *see, e.g.*, *Antele Cobix v. Raycraft*, No. 1:25-cv-1669, 2025 WL 3562651, at *2–3 (W.D. Mich. Dec. 12, 2025); *Candela Bastidas v. Noem*, No. 1:25-cv-1528, 2025 WL 3562638, at *2–4 (W.D. Mich. Dec. 12, 2025); *Acuna Sanchez v. Noem*, No. 1:25-cv-1442, 2025 WL 3562577, at *2–4 (W.D. Mich. Dec. 12, 2025); *Penagos Robles v. U.S. Dep't of Homeland Sec.*, No. 1:25-cv-1578, 2025 WL 3558128, at *2–3 (W.D. Mich. Dec. 12, 2025). If the noncitizen is "dissatisfied with the [immigration judge's] bond determination," the noncitizen ordinarily must "file an administrative

3

appeal so that 'the necessity of detention can be reviewed by . . . the BIA.'" *Leonardo*, 646 F.3d at 1160 (citation omitted). There are exceptions to this general rule. For example, the United States Court of Appeals for the Sixth Circuit has noted that due process challenges that are not premised on "correctable procedural errors" generally do not require exhaustion because the BIA cannot review constitutional challenges. *See Sterkaj v. Gonzales*, 439 F.3d 273, 279 (6th Cir. 2006) (discussing that "an alien's due process challenge generally does not require exhaustion" because "the BIA lacks authority to review constitutional challenges," but noting that an "alien must raise correctable procedural errors to the BIA"). "When a petitioner does not exhaust administrative remedies, a district court ordinarily should either dismiss the petition without prejudice or stay the proceedings until the petitioner has exhausted remedies, unless exhaustion is excused." *Leonardo*, 646 F.3d at 1160.

Petitioner argues that the Detroit Immigration Court improperly denied her bond request because the Immigration Judge did not consider that "Petitioner's abusive husband decided not to pursue prosecution of the charges lodged against Petitioner" and that police "also denied a request for an arrest warrant." (Reply, ECF No. 9, PageID.82.) Under these circumstances, the issues raised in the present § 2241 petition regarding the March 12, 2026, bond hearing are issues that must first be raised to the BIA. Therefore, Petitioner did not exhaust her administrative remedies, and Petitioner has not demonstrated grounds for excusing the exhaustion requirement in this case.

Petitioner also argues that the procedures of the bond hearing itself violated the Due Process Clause of the Fifth Amendment because "Respondents placed the burden of proof on Petitioner." (Reply, ECF No. 9, PageID.82.) Based on the record before the Court at this time, including the recording of the § 1226(a) bond hearing, there is no indication in the record that the Immigration Judge applied an unconstitutional burden of proof at the bond hearing.

4

### B.    Petitioner's Detention and Fifth Amendment Due Process Considerations

Petitioner contends that her detention is unlawful and violates the Due Process Clause of the Fifth Amendment because her detention implicates the constitutional concerns identified in *Zadvydas v. Davis*, 533 U.S. 678, 701 (2001). (*See* Reply, ECF No. 9, PageID.80–83.) The issue before the *Zadvydas* Court was "whether [§ 1231(a)(6)] authorizes the Attorney General to detain a removable alien *indefinitely* beyond the removal period or only for a period *reasonably necessary* to secure the alien's removal." *Id*. (emphasis in original). The Supreme Court held that following the removal period, the Government may continue to detain the noncitizen for a "presumptively reasonable period" of time, which the Supreme Court concluded equaled a total of six months in detention. *See Id*., 533 U.S. at 701. Following that six-month period, "once [a noncitizen] provides good reason to believe that there is no significant likelihood of removal in the reasonably foreseeable future, the Government must respond with evidence sufficient to rebut that showing." *Id.* "[O]nce [a noncitizen's] removal is no longer reasonably foreseeable, continued detention is no longer authorized by statute." *Id.* at 699.

Petitioner does not have a final order of removal. As such, she is detained under § 1226(a), not under § 1231(a)(6), and *Zadvydas* does not apply to Petitioner's circumstances. *See Zadvydas*, 533 U.S. at 682 (limiting review to "aliens who were admitted to the United States but subsequently ordered removed."). Although Petitioner has been detained for more than one year, a considerable amount of time, § 1226(a) does not limit how long the Government may detain her. *See Jennings v. Rodriguez*, 583 U.S. 281, 303–306 (2018) (discussing how § 1226(a) allows the Government to detain a noncitizen "pending a decision on whether the alien is to be removed from the United States" without imposing a fixed time limit on detention).

## **Conclusion**

For the reasons discussed above, the Court will enter a judgment dismissing Petitioner's

petition for a writ of habeas corpus pursuant to 28 U.S.C. § 2241 without prejudice.


Dated:     June 29, 2026                        /s/ Jane M. Beckering

                                                    Jane M. Beckering
                                                    United States District Judge